# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ROGER MARIS HOLT, )
)
        Petitioner, )
)
v. ) Case No. 17-CV-250-GKF-FHM
)
JOE ALLBAUGH, Director, )
)
        Respondent. )

## OPINION AND ORDER

Petitioner, a state prisoner appearing pro se,[1] brings this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutionality of his convictions and sentences in the District Court of Tulsa County, Oklahoma, Case No. CF-2009-1240. Doc. 1 at 1. Before the Court is Respondent's motion to dismiss the petition as time barred under 28 U.S.C. § 2244(d) (Doc. 6). Respondent filed a brief in support of his motion (Doc. 7), and Petitioner filed a response (Doc. 8). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and that the habeas petition shall be dismissed with prejudice.

## *BACKGROUND*

In September 2009, Petitioner entered blind guilty pleas[2] on two charges in Tulsa County District Court, Case No. CF-2009-1240: (1) endeavoring to manufacture a controlled drug

---

[1] Because Petitioner appears pro se, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] A "blind" plea "is a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." *Medlock v. State*, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994).

(methamphetamine) after two or more previous convictions, in violation of OKLA. STAT. tit. 63, § 2-401(G) (2005 Supp.); and first degree arson after two or more previous convictions, in violation of OKLA. STAT. tit. 21, § 1401 (2001). Doc. 1 at 1; Doc. 7-1 at 1.[3] The state district court accepted the pleas and scheduled the matter for sentencing. Doc. 7-1 at 1. In October 2009, the court imposed a sentence of 25 years' imprisonment for each conviction and ordered the sentences to be served concurrently. *Id.*

Two days after the sentencing hearing, Petitioner moved to withdraw his pleas, alleging that his pleas were not knowing and voluntary because he believed that he had agreed to plead guilty to second-degree arson rather than first-degree arson. *See* Doc. 2 at 55-58. The state district court appointed new counsel to represent Petitioner, held a hearing on the motion, and denied relief. *Id.* at 2, 51. Petitioner then filed a petition for writ of certiorari with the Oklahoma Court of Criminal Appeals (OCCA). *Id.* at 2; *see* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (providing procedures for commencing certiorari appeal). In his petition of error, Petitioner asserted that (1) his plea was not knowing and voluntary, and (2) his convictions violated state and federal constitutional prohibitions against double punishments. Doc. 2 at 54, 59. By unpublished summary opinion filed August 4, 2010, the OCCA affirmed the district court's denial of Petitioner's motion to withdraw his pleas. Doc. 7-1. First, the OCCA determined that the record demonstrated Petitioner's pleas were knowing and voluntary and concluded that the district court therefore did not abuse its discretion in denying his motion to withdraw the pleas. *Id.* at 2-3. Next, the OCCA determined that Petitioner waived his double-punishment claim by failing to

---

[3] For consistency, the Court's record citations refer to the court-stamped page numbers in the upper right-hand corner of each document.

present it in his motion to withdraw the pleas. *Id.* at 3; *see* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (providing that "[n]o matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea").

Petitioner pursued additional state remedies after the OCCA denied his certiorari appeal. First, on March 16, 2011, Petitioner filed a pro se motion for judicial review of his sentence. Doc. 7-2 at 3. The state district court denied the motion on March 17, 2011. *Id.* Next, on May 20, 2014, Petitioner filed three separate pro se pleadings which, collectively, asserted four propositions of error. *See* Doc. 7-4 at 3-4. The state district court construed the pleadings as one application for post-conviction relief and denied relief by order filed March 12, 2015. *Id.* at 1, 3-4. Petitioner did not appeal that order. Doc. 2 at 3; Doc. 7 at 2. Finally, on February 8, 2016, Petitioner filed a second application for post-conviction relief, asserting six propositions of error. *See* Doc. 2 at 75, 77-78. The state district court denied Petitioner's second application for state post-conviction relief by order filed July 19, 2016. *Id.* at 75. Petitioner appealed, and the OCCA affirmed the denial of relief by order filed November 4, 2016. *See* Doc. 2 at 83-85.

Petitioner filed the instant federal habeas petition (Doc. 1), along with a supporting brief (Doc. 2), on May 4, 2017. Liberally construing Petitioner's supporting brief, the Court finds that Petitioner seeks federal habeas relief on the following grounds: (1) his guilty pleas were not knowing and voluntary in violation of the Due Process clause, *see* Doc. 2, at 9-14; (2) his convictions constitute multiple punishments for the same offense in violation of the Double Jeopardy clause, *see id.* at 14-19; (3) he was denied his Sixth Amendment right to the effective assistance of plea counsel,

*see id.* at 20-27; and (4) he was denied his Sixth Amendment right to the effective assistance of appellate counsel, *see id.* at 27-28.

In response to the petition, Respondent filed a motion to dismiss (Doc. 6) and supporting brief (Doc. 7), arguing that the petition is time barred under § 2244(d)(1)'s one-year statute of limitation. Petitioner filed a response to the motion (Doc. 8). Petitioner acknowledges that his petition is untimely, but he asserts that he is entitled to either equitable tolling of, or an equitable exception to, the one-year limitation period. *See* Doc. 1 at 13-14; Doc. 2 at 1, 33; Doc. 8 at 2-6.

### *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), establishes a one-year limitation period for habeas corpus petitions. 28 U.S.C. § 2244(d). In general, the limitation period begins to run from the date on which a prisoner's conviction becomes final. *See id.* § 2244(d)(1)(A), But it may also commence at a later date under the terms of § 2244(d)(1)(B), ©, and (D). Regardless of which date the one-year limitation period commences, the period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). And, because AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition may be excused through equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may be "overcome" through "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

**A.    The petition is untimely under § 2244(d)(1)(A).**

Application of § 2244(d)(1)(A) supports Petitioner's concession that his habeas petition is untimely. Because the OCCA affirmed Petitioner's convictions on August 4, 2010, *see* Doc. 7-1,

his convictions became final on November 2, 2010, when the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting that conviction is "final" under § 2244(d)(1)(A) when 90-day period for filing certiorari petition expires); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (same). As a result, Petitioner's one-year limitation period commenced on November 3, 2010, and expired on November 3, 2011. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying FED. R. CIV. P. 6(a) to calculate AEDPA limitation period). Because Petitioner filed both of his applications for state post-conviction relief after his one-year period expired, i.e., on May 20, 2014, and February 8, 2016, neither application served to toll the limitation period. *See* 28 U.S.C. 2244(d)(2); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting that applications for state post-conviction relief filed after expiration of one-year limitation period have no tolling effect under § 2244(d)(2)).[4] Thus, unless Petitioner can demonstrate that he is entitled to either equitable tolling of, or an equitable exception to, AEDPA's limitation period, his habeas petition is time barred.

**B.     Petitioner is not entitled to equitable tolling.**

Petitioner appears to seek equitable tolling on four grounds: (1) he was not liked by other inmates, got into fights, and was placed on lock down, (2) he has a limited education and limited

---

[4]     As Respondent points out, Petitioner filed a motion for judicial review, pursuant to OKLA. STAT. tit. 22, § 982a(A), on March 16, 2011—within his one-year limitation period. *See* Dkt. 7-2 at 3. But it is an open question in the Tenth Circuit whether this type of motion qualifies as one seeking "collateral review" under § 2244(d)(2)'s statutory tolling provision. *See Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (unpublished) (noting issue is unresolved and assuming without deciding that motion for judicial review qualifies for statutory tolling). Even assuming Petitioner's motion for judicial review served to toll his one-year period, the motion remained pending for only one day. This doesn't aid Petitioner in establishing the timeliness of his habeas petition that was filed over six years too late.

understanding of the law, (3) he has "been shipped to five different prison[s]," over the course of his incarceration, and (4) he is an indigent prisoner. *See* Doc. 1 at 13-14; Doc. 2 at 33.

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2000)).

Three of the circumstances that petitioner alleges—being placed on lock down, being transferred between multiple facilities, and being indigent—describe ordinary circumstances generally applicable to all prisoners. These circumstances are neither sufficiently extraordinary nor sufficiently specific to warrant equitable tolling. *See Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (unpublished)[5] (stating that, as a general matter, a "prison lock down does not qualify as extraordinary" and noting that petitioner failed to explain his delay in filing his habeas petition after three-month lockdown ended); *Lucero v. Suthers*, 16 F. App'x 964, 965 (10th Cir. 2001) (unpublished) (noting that "transfers have become commonplace, and transferee facilities almost universally retain sufficient information to allow prisoners to submit habeas claims" and rejecting petitioner's non-specific argument that a transfer "affected his ability to file a timely petition"). Moreover, Petitioner's reference to being placed on "lock down" lacks any temporal context. He does not assert, let alone demonstrate, that the "lock down" occurred during his one-year limitation

---

[5] This unpublished decision, like all other unpublished decisions cited herein, is cited for persuasive value only. *See* FED. R. APP. P. 32.1; 10th Cir. R. 32.1(A)

period or how it prevented him from timely filing his habeas petition. *See Dill*, 288 F. App'x at 457. Likewise, while Petitioner asserts that he was transferred to five different prisons, he does not explain when those transfers occurred or how they impeded him from timely filing his habeas petition. *See* Doc. 1 at 15. And the record supports Respondent's assertion that Petitioner was housed in a single facility during his one-year limitation period. *See* Doc. 7 at 4; Doc. 7-5. Thus, Petitioner's reference to multiple transfers does not support his claim for equitable tolling. *See Lucero*, 16 F. App'x at 965.

Petitioner's assertion that he is generally uneducated and specifically uneducated about the law also does not support equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting well-established rule that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). For these reasons, the Court finds that Petitioner has failed to show that extraordinary circumstances that would support equitable tolling.

**C.     Petitioner is not entitled to an equitable exception.**

Petitioner also appears to seek an equitable exception to AEDPA's one-year limitation period. *See* Doc. 2 at 1, 33; Doc. 8 at 2-6. Specifically, he asserts "that both the Supreme Court and the Tenth Circuit Court of Appeals has consistently held that a petitioner may bypass [all] procedural bars when he or she presents a claim of actual innocence[,] ineffective assistance of counsel and/or that a fundamental miscarriage of justice will result if the court declines to address each issue on the merits." Doc. 8 at 4. For support, he cites *Schlup v. Delo*, 513 U.S. 298 (1995); *Clayton v. Gibson*, 199 F.3d 1162 (10th Cir. 1999); *Beavers v. Saffle*, 216 F.3d 918 (10th Cir. 2000), and *Ellis v. Hargett*, 302 F.3d 1182 (10th Cir. 2002). Doc. 2 at 1; Doc. 8 at 4.

It's true that a habease petitioner can overcome AEDPA's one-year limitation period by asserting a tenable claim of "actual innocence." *Perkins*, 569 U.S. at 392; *see also Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (noting that *Perkins* held "that a 'credible showing of actual innocence' provides an outright equitable *exception* to AEDPA's statute of limitations" (quoting *Perkins*, 569 U.S. at 392)). But the Supreme Court emphasized that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 569 U.S. at 395 (alteration in original) (quoting *Schlup*, 513 U.S. at 329); *see also United States v. Springer*, 875 F.3d 968, 978 (10th Cir. 2017) (explaining that *Perkins*' "holding is expressly limited to well-supported claims of actual innocence under the miscarriage of justice exception").

To the extent Petitioner seeks application of *Perkins*' exception, the Court finds that the exception does not apply. Significantly, Petitioner does not assert that he did not commit either of the crimes for which he was convicted. Instead, he claims that his convictions are constitutionally invalid because his guilty pleas were not knowing and voluntary, he was punished twice for the same offense, and he received ineffective assistance of plea and appellate counsel. These claims, even if proven to be true, would only establish his legal innocence, not his factual innocence. *See Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) ("To demonstrate a fundamental miscarriage of justice, a defendant must make a showing of factual innocence, not legal innocence."); *Beavers*, 216 F.3d at 923 (noting that "actual innocence" means factual innocence); *see also Wright v. Dowling*, 702 F. App'x 724, 726 (10th Cir. 2017) (unpublished) (rejecting appellant's request to apply *Perkins* actual-innocence exception when appellant's "only allegations ar[o]se from deficient performance of trial and appellate counsel" and appellant did "not present any new evidence that suggests he was

actually innocent"); *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished) (rejecting actual innocence argument when appellant pled guilty but later claimed his guilty plea was involuntary and coerced). Nor does he assert that newly discovered evidence supports his assertion of actual innocence. *See Schulp*, 513 U.S. at 324 ("To be credible [a claim of actual innocence requires] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Because Petitioner has not demonstrated that his case is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496 (1986), the Court finds that *Perkins*' equitable exception does not apply.

## *CONCLUSION*

Petitioner's habeas petition is untimely and he has not demonstrated that he is entitled to equitable tolling of, or an equitable exception to, AEDPA's one-year limitation period. Thus, the Court shall grant Respondent's motion and shall dismiss the petition for writ of habeas corpus with prejudice as time barred.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner

must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the correctness of the Court's procedural ruling that the habeas petition is time barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss the petition as time barred (Doc. 6) is **granted**.

2. The petition for a writ of habeas corpus (Doc. 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 6th day of February 2018.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT